UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LYNN R. ALBRITTON | CIVIL ACTION NO. 15-2720 |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNITED HOME CARE, INC. | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

On November 19, 2015, Plaintiff Lynn R. Albritton ("Albritton") brought this action against Defendant United Home Care, Inc. ("United").

Albritton served United on February 29, 2016, and its answer was due March 21, 2016. On April 16, 2016, Albritton moved for entry of default. [Doc. No. 4]. On April 18, 2016, the Clerk entered a default against United. [Doc. No. 5].

On April 29, 2016, United filed a Motion to Set Aside Entry of Default and for Leave to File Responsive Pleadings [Doc. No. 6]. United explains that it has been represented by same counsel since Albritton filed a charge of discrimination with the Equal Employment Opportunity Commission. However, counsel was not provided with a copy of the Complaint.

Additionally, United's counsel recently became associated with another law firm and was not receiving client emails, despite an understanding with her previous firm. As soon as counsel learned of this default, she moved to set it aside and attached a proposed answer.

Rule 55(c) provides that a district court "may set aside an entry of default for good cause." As the United States Court of Appeals for the Fifth Circuit has recognized, "[w]e have adopted a

policy in favor of resolving cases on their merits and against the use of default judgments." *In re Chinese–Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir.2014) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir.1999)). "'This policy, however, is counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion.'" *Id.* (quoting *Rogers*, 167 F.3d at 936) (internal quotation marks and citations omitted)).

In this case, the Court finds good cause to set aside the entry of default. It appears that an unfortunate series of events led to the entry of default in this case. Counsel promptly moved to set aside the default and file responsive pleadings. The lawsuit is in the early stages of litigation, and Albritton will suffer no prejudice by the Court's decision. Accordingly,

IT IS ORDERED that United's Motion to Set Aside Entry of Default and for Leave to File Responsive Pleadings [Doc. No. 6] is GRANTED, the default entered on April 18, 2016 [Doc. No. 5] is SET ASIDE, and United's proposed Answer is filed in the record of this matter.

MONROE, LOUISIANA, this 2nd day of May, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE